NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANH T. NGUYEN, et al., *Plaintiffs/Appellants*,

*v.*

HIEU NGUYEN, et al., *Defendants/Appellees*.

No. 1 CA-CV 25-0995

FILED 07-09-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-001809
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

COUNSEL

Law Offices of Kimberly A. Eckert, Tempe
By Kimberly A. Eckert
*Counsel for Plaintiffs/Appellants*

AZ Legacy Law Group, PLLC, Tempe
By Luan Mai
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew J. Becke delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Samuel A. Thumma joined.

---

**B E C K E**, Judge:

¶1 Plaintiffs Anh Nguyen and Quy Hoang appeal the dismissal of their fraud, conversion, negligent misrepresentation, and unjust enrichment claims against Defendants Hieu Nguyen, Hongyen Le, and Nam Nguyen. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Nam[1] wanted to purchase a home (the "Property") in 1997 but could not qualify for the mortgage. His son, Hieu, obtained financing on Nam's behalf to allow him to purchase the Property, and Nam gave him $5,000 for the down payment. The Property was titled in Hieu's name, but Nam paid all mortgage payments and paid for the taxes, insurance, and maintenance on the Property. In 2011, Nam made an oral agreement with Anh and Quy, his daughter and son-in-law, respectively, to convey the Property to them upon his death in exchange for $95,000. Hieu then quitclaimed the Property to Anh and Quy to hold for Nam until he died.

¶3 In 2022, Nam filed a quiet title action, alleging that Anh and Quy paid $40,000 towards the $95,000 and then stopped making payments. Anh and Quy disputed this, countering that they paid between $66,625.90 and $106,625.90 to purchase the Property from Hieu and his wife Hongyen.

¶4 After a bench trial, the court found for Nam, quieting title in his favor in a decision that included a number of factual findings. The court found that the Property was originally titled in Hieu's name, but that Hieu held it in trust for Nam. Nam, the court found, was "the true owner of the Property." Nam had been paying the taxes, homeowners insurance, utilities, and repairs for the Property. Because Hieu never had rights to the property, his quitclaiming the property to Anh and Quy did not convey any

---

[1] Because several of the parties share the same last name, we refer to the parties by their first names.

rights to them. *See Sprang v. Petersen Lumber, Inc.*, 165 Ariz. 257, 263 (App. 1990) ("A quitclaim deed conveys no greater rights to the property than those possessed by the grantor.").

¶5        The court found that Anh and Quy had not paid any money for the Property, nor did Hieu and Hongyen have an agreement with Anh and Quy to purchase the Property. Even if the $40,000 was paid, Nam had repaid $55,000 to Anh and Quy, fully reimbursing them for the $40,000 payment.

¶6        The superior court also found that Hieu and Hongyen did not know that Anh and Quy had an agreement with Nam to purchase the Property. Hieu and Hongyen did not understand the quitclaim deed because it was written in English, no one explained a quitclaim deed's purpose, and they never intended to deprive Nam of the Property. The court also found evidence of deception by Anh and Quy to get Hieu to sign the quitclaim deed. The quitclaim deed was prepared and notarized by Anh and Quy's tax preparer, who did not witness Hieu or Hongyen sign the deed. Instead of what the quitclaim deed purported to do, Nam intended to leave the Property to his children, Hieu and Anh.

¶7        In 2025, Anh and Quy brought this lawsuit against Hieu, Hongyen, and Nam. The complaint alleged conversion, fraud, and negligent misrepresentation claims against Hieu and Hongyen, and unjust enrichment against Hieu, Hongyen, and Nam, all arising from the same transactions at issue in the 2022 quiet title lawsuit. The complaint alleged that Anh and Quy paid $66,625.90 to Hieu and Hongyen for them to transfer ownership of the property. It also alleged Anh and Quy were misled into giving Hieu and Hongyen money for title to a property that they did not own. Finally, Anh and Quy claimed that they had been paying taxes, utilities, insurance, and for upkeep on the Property.

¶8        Hieu, Hongyen, and Nam moved to dismiss, arguing issue and claim preclusion based on the factual findings made in the 2022 quiet title action and the resulting judgment. The superior court dismissed the claims of fraud, conversion, negligent misrepresentation, and unjust enrichment based on those factual findings. It found that issue preclusion[2] applied because whether Anh and Quy had paid money for the property was already decided in the quiet title case. Specifically, the superior court

---

[2] The superior court used the term "collateral estoppel." "Issue preclusion," used here, is the more modern term for "collateral estoppel" and they are synonymous. *See Howell v. Hodap*, 221 Ariz. 543, 546, ¶ 17 n.7 (App. 2009).

listed these factual findings from the 2022 quiet title verdict as barring the 2025 claims from being relitigated:

> Hieu Nguyen and Hongyen Le were the record owners of the Solar Drive property but at all relevant times they held the property in trust for its true owner Nam Nguyen;

> Hieu Nguyen and Hongyen Le did not make an agreement with Anh Nguyen and Quy Hoang for the sale of the Solar Drive property;

> Hieu Nguyen and Hongyen Le first learned after Nam Nguyen sued Anh Nguyen and Quy Hoang to quiet title to the Solar Drive property that An[h] and Quy were claiming to have paid Hieu and Hongyen money for the purchase of the property;

> Anh Nguyen and Quy Hoang failed to prove that they paid Hieu Nguyen $66,625 for the Solar Drive property, and Quy's testimony to that effect was not credible;

> the evidence, including Nam Nguyen's testimony and documentary evidence that Nam introduced, showed that Nam – not Anh Nguyen and Quy Hoang – paid for the homeowners' insurance, utilities, and maintenance at the Solar Drive property since 2011; and

> the evidence concerning the quitclaim deed, including the testimony of Hieu Nguyen and Hongyen Le that they did not understand what the deed meant because it was written in English, "evidence of deception" relating to the preparation and notarization of the deed, and Nam's testimony that he intended to leave the property to both Hieu and Anh, rebutted the presumption of validity of the deed.

**¶9**         Anh and Quy moved to reconsider the dismissal, arguing that issue preclusion did not apply. The court denied the motion. Anh and Quy timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶10**        We review the superior court's grant of a motion to dismiss and whether issue preclusion applies *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶¶ 7–8 (2012) (motion to dismiss); *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266, ¶ 8 (2022) (issue preclusion). We must accept the factual allegations in the complaint as true when assessing a motion to dismiss. *Coleman*, 230 Ariz. at 361, ¶ 36. Because issue preclusion is an affirmative defense, "the facts to establish the defense must appear in the complaint." *Shepherd v. Costco Wholesale Corp.*, 250 Ariz. 511, 514, ¶ 16 (2021).

**¶11**        To successfully assert issue preclusion as an affirmative defense, a party must show that:

> (1) the issue at stake is the same in both proceedings; (2) the issue was actually litigated and determined in a valid and final judgment issued by a tribunal with competent jurisdiction; (3) the opposing party had a full and fair opportunity to litigate the issue and actually did so; and (4) the issue was essential to the judgment.

*Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 254 Ariz. 485, 492, ¶ 24 (2023). Because Hieu, Hongyen, and Nam assert issue preclusion "defensively"—i.e., "to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party"—there is no requirement that the same parties appear in both lawsuits. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 233, ¶ 10 (App. 2003).

**¶12**        Anh and Quy contend that the first element is not met because the issues in the two cases are different—in the quiet title case the issue was the ownership of the Property, and in this case the issue is whether Anh and Quy were misled into giving Hieu, Hongyen, and Nam money for the Property. However, the factual issue is whether Anh and Quy paid money for the Property, which was at stake in both proceedings. *See Crosby-Garbotz v. Fell*, 246 Ariz. 54, 60, ¶ 25 (2019) (finding issue preclusion when a factual issue was adjudicated in a previous proceeding). While the claims differ, the factual issue is the same. Thus, the first element is met.

**¶13**        Anh and Quy argue that the quiet title verdict did not find that they never paid any money to Hieu or Hongyen, only that they did not pay them money for the Property. Therefore, they contend that their claims that they were misled into giving Hieu and Hongyen money for things other than the Property are not precluded. But a motion to dismiss is

decided on the allegations of the complaint, and the complaint alleged that they paid Hieu and Hongyen money *for the Property*. *See Coleman*, 230 Ariz. at 356, ¶¶ 8–9. The complaint also alleged that they paid insurance, taxes, utilities, and maintenance on the Property. The quiet title verdict and resulting judgment conclusively determined that Nam paid for the insurance, utilities, and repairs on the Property, showing that findings on this issue were made.

¶14 The verdict determined that Anh and Quy did not pay any money to Hieu and Hongyen for the Property. It also found Hieu and Hongyen did not make an agreement to sell the Property to Anh and Quy. Because the quiet title verdict found that there was no payment for the Property, nor was there an agreement for its purchase, the issues of whether a payment was made and whether Anh and Quy were misled were decided. The second element is satisfied.

¶15 Anh and Quy also argue that the third element is not met because the factual findings in the quiet title verdict do not show that they litigated the issue. "When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated." *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986). Anh and Quy first alleged that they purchased the Property from Hieu and Hongyen in their responses to requests for admissions. The quiet title verdict made factual findings on the testimony Anh and Quy provided on this payment, and made a final determination that a payment for the Property was not made. The issue was therefore actually litigated during the quiet title case, and the third element is met.

¶16 As to the fourth element, Anh and Quy argue that whether they gave money to Hieu, Hongyen, and Nam under false pretenses was not essential to the quiet title judgment. But an action for quiet title determines "adverse claims in order to clear the title of disputed property." *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 176, ¶ 13 (App. 2013); *see also* A.R.S. § 12-1101(A). Whether someone paid money in exchange for property ownership is essential to deciding their adverse claim.

**¶17**      Therefore, all four elements of issue preclusion are met, and the superior court did not err in granting the motion to dismiss on that ground.[3]

## CONCLUSION

**¶18**      For the foregoing reasons, we affirm. Anh and Quy request attorneys' fees under A.R.S. § 12-341, as do Hieu, Hongyen, and Nam. Because A.R.S. § 12-341 authorizes the award of costs, but not attorneys' fees, we deny those requests. As the prevailing party, Hieu, Hongyen, and Nam are entitled to taxable costs upon compliance with ARCAP 21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR

---

[3] Because we find that issue preclusion was a sufficient basis to grant the motion to dismiss, we do not need to address the parties' arguments regarding claim preclusion.